SOLOMON RAISIN, Appellant, *v.* EDGAR SHOEMAKER, Respondent.

First Department, July 6, 1923.

**Landlord and tenant — action by tenant to recover damages sustained by reason of being deprived of leasehold estate which defendant purported to convey — agreement executed by defendant before he deeded property constitutes lease — purchaser of property was bona fide purchaser without notice of plaintiff's lease — plaintiff is entitled to recover.**

In an action to recover damages alleged to have been sustained by the plaintiff by reason of being deprived of the leasehold estate which the defendant conveyed to him, it appeared that the defendant entered into a contract to sell the real property in question subject to a lease; that the then lessee of the premises went into bankruptcy and thereafter the defendant on December 9, 1919, entered into a memorandum lease with the plaintiff and executed a formal lease which was apparently acknowledged on the same day; that after the execution of the memorandum lease and on December 16, 1919, the defendant conveyed the property under the contract of sale; that by the terms of the lease the plaintiff was not to have possession until January 1, 1920; that the plaintiff did not know of the contract of sale entered into by the defendant.

*Held,* that the purchaser was a *bona fide* purchaser for value without notice of plaintiff's lease;

That the memorandum executed on December 9, 1919, was in fact a lease of the premises in question, and that the formal lease executed thereafter added nothing to the memorandum but was merely a formal expression of the agreement between the parties;

That even if the formal lease was in fact executed after the deed was made it did not serve to give to the plaintiff any right to possession of the premises as against the *bona fide* purchaser;

That the plaintiff is entitled to recover damages under the facts stated, which he suffered by reason of defendant conveying the property and thereby placing it beyond his power to deliver possession.

APPEAL by the plaintiff, Solomon Raisin, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of November, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Charles S. Rosenschein* [*Robert Moers* with him on the brief], for the appellant.

*Louis Susman,* for the respondent.

MERRELL, J.:

This action was brought by the plaintiff, Solomon Raisin, to recover of the defendant, Edgar Shoemaker, the sum of $5,500 damages alleged to have been sustained by the plaintiff by reason of being deprived of a leasehold estate, which the defendant essayed to convey to the plaintiff in December, 1919. At the close of the plaintiff's case, on motion of the defendant, the learned court dismissed the complaint, and upon such dismissal judgment was entered in favor of the defendant and against the plaintiff, dismissing the complaint, with costs to the defendant. From such judgment the plaintiff has appealed.

In November, 1919, the defendant was the owner of certain real property situate at 844 East One Hundred and Sixty-third street, in the borough of The Bronx, New York city. On November 25, 1919, the defendant executed a contract to sell this real property to one Mayer Rutten. The contract for the sale of said real property was in writing, and thereby the defendant agreed to sell and convey to Rutten the aforesaid premises, " subject to lettings to present monthly tenants, lease of the store, and possible lease to October 1st, 1920, to one Krauss." Prior thereto and on or about February 28, 1919, by an instrument bearing date on that day, the then owners of said premises, defendant's predecessors in title, leased the said premises to a firm composed of Morris Fine and Kopl Gottlieb, copartners doing business under the firm name and style of Fine & Gottlieb, for the term commencing April 1, 1919, and ending April 30, 1922. This lease was assigned by Fine & Gottlieb to one Morris Perlow, who in turn undertook to assign the same to the Mt. Morris Dairy Company, of which the plaintiff herein was treasurer. Prior to the execution and delivery of the assignment of said lease, both Perlow and the Mt. Morris Dairy Company were thrown into bankruptcy. Under a clause of the lease such bankruptcy enabled the owner of the premises to declare the lease forfeited. While Perlow was still in possession of the premises and before his bankruptcy and before the bankruptcy of the Mt. Morris Dairy Company, the evidence shows that the plaintiff and another man interested with him in the Mt. Morris Dairy Company had entered into negotiations for taking over this lease from Perlow, and had in fact assumed a sort of possession of the business, or at least to some extent had participated in the sale of dairy products therein, in which line of business Perlow and the Mt. Morris Dairy Company and the plaintiff, as an officer thereof, were interested. On December 9, 1919, Perlow and the Mt. Morris Dairy Company having been put into bankruptcy, the plaintiff and the defendant, the latter

being represented by one Louis Greenberg, entered into an agreement to lease the said property, and a written instrument was executed by the parties hereto in the following form:

" The undersigned in consideration of the sum of $491.55, the receipt of which from Solomon Raisin is hereby acknowledged, does hereby agree to give to him a lease of premises situate at the southeast corner of Prospect Ave. and 163 St., Borough of Bronx, and known as 926 Prospect Ave., in all respects similar to the lease made on the 28th day of Feb., 1919, between Gertrude H. Fink, Lucie A. Herster and Walter J. Herster, as landlords, and Morris Fine and Kopl Gottlieb, as tenant, except that the term thereof shall be for a period from Jan. 1, 1920 to April 30, 1922, and all the other terms, covenants and conditions of said lease are hereby made part of this agreement and specifically referred to.
" Dated, NEW YORK, *December* 9, 1919.

" EDGAR SHOEMAKER<br>" By LOUIS GREENBERG

" The above agreement is hereby accepted.

" SOLOMON RAISIN."

At the time of the making of this agreement, Raisin, the plaintiff, was in ignorance of the sale of the premises to Rutten. The consideration of $491.55 Raisin paid to defendant at the time of the execution of said agreement on December 9, 1919. By an instrument certified by the notary taking the acknowledgment of both the plaintiff and the defendant thereto as executed on said December 9, 1919, the defendant entered into a formal instrument of lease of the premises in question with the plaintiff. It is the contention of the plaintiff that this last-mentioned instrument was in fact the lease of the property which he obtained of the defendant; and that the same was not executed as certified by the notary on December ninth, but was in fact executed on December 18, 1919; and that two days prior thereto the defendant and his wife conveyed the premises in question by warranty deed, pursuant to the contract executed in November to the said Mayer Rutten; and that, therefore, the formal lease executed by the defendant to the plaintiff, and which the plaintiff claims was executed on December 18, 1919, conveyed no rights of occupancy of the premises to the plaintiff, and was a lease and an agreement on defendant's part concerning property of which the defendant had no title or control. Of course, if the plaintiff is right in this respect, and if defendant had conveyed the property and put it out of his control two days prior to leasing to the plaintiff, then the plaintiff has a cause of action for such damages as he

has sustained by reason of the defendant's acts. The court held, and I think properly, that the instrument first executed by the defendant to the plaintiff on December 9, 1919, was in fact a lease of the premises in question; and that the instrument certified to be acknowledged on the same day was merely a formal expression of the agreement between the parties; and that nothing was added thereto by the subsequent lease. But even if this formal lease was in fact executed as certified by the notary, from which certification a strong presumption arises that it was executed on the 9th day of December, 1919, we do not think it served to give to plaintiff any right to the possession of the premises as against Rutten. Plaintiff's term was not to commence until the first of January following, and when title passed to Rutten, plaintiff was not in possession and Rutten had no notice either actual or constructive of said lease to plaintiff. Rutten's title and right to possession was, therefore, under his deed, absolute. When plaintiff attempted to enter upon possession of the premises under the lease which he had received from the defendant, Rutten refused to recognize said lease or to deliver to plaintiff possession thereunder. In such position Rutten was undoubtedly quite within his legal rights. Defendant on November 25, 1919, had contracted to sell to him the premises without reservation so far as the lease in question was concerned. And when on December 16, 1919, he received his deed from defendant said instrument made no reference to the lease to plaintiff. Rutten knew nothing of such lease, and in the absence of notice thereof, took the premises free therefrom. No fact was shown sufficient to put Rutten upon inquiry at any time prior to receiving his deed. He was an innocent purchaser for value, without notice of plaintiff's lease. His title was unaffected thereby. In placing it beyond his power to deliver to plaintiff possession of the premises leased, the defendant rendered himself liable to plaintiff for such damages as the latter suffered by reason of defendant's inability to give plaintiff possession. (*Williams* v. *Young*, 78 N. J. Eq. 293; 81 Atl. Rep. 1118.)

We are of the opinion, therefore, that the learned trial court erred in dismissing the complaint, and that the plaintiff is entitled to recover his damages resulting from defendant's acts.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH and MARTIN, JJ., concur; FINCH, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.